IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| PEDRO B.F., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 26-cv-03103-SRB |
| | ) |
| JIM ARNOT, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Before the Court is Petitioner Pedro B.F.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons below, the Court GRANTS the habeas petition.

### I. FACTUAL BACKGROUND[1]

Petitioner is a citizen of Venezuela and has lived in the United States since March of 2024. Upon arrival, he expressed a fear of persecution based on his political connections and opposition to the political party in control of his country. Petitioner was referred for a credible fear interview and based on it, permitted to seek asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3), and protection under the Convention Against Torture, consistent with 8 C.F.R. §§ 1208.16–1208.18. Because Petitioner timely filed his I-589 application, he has remained in a period of authorized stay while it is pending. On July 7, 2025, Immigration and Customs Enforcement ("ICE") served Petitioner with a Form I-862, Notice to Appear, initiating removal proceedings before the Immigration Court. On January 4, 2026, Petitioner was detained in Springfield, Missouri, and taken into custody by the Department of Homeland Security ("DHS") on January 5, 2026.

---

[1] The following allegations are taken from Petitioner's Petition for a Writ of Habeas Corpus. (Doc. #1) without further citation or attribution unless otherwise noted.

1

## II. DISCUSSION

Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(2) but acknowledge that "this Court has reached the opposite conclusion in numerous cases arising under similar or near similar facts, including this Court's decision in *Alcantar Flores v. Olson*, Case No. 6:25-cv-03358-SRB (W.D. Mo)." (Doc. #6, p. 2.) In accordance with this Court's previous analysis, the Court finds that because Petitioner is not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to him.[2]

The Court further concludes that immediate release is the appropriate remedy. "Section 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* The Court agrees with the reasoning of these cases. Here, the Court ordered Respondents to include in their answer whether a warrant was issued for Petitioner's arrest and, if so, to attach a copy of the warrant. (Doc. #3, p. 1.) Respondents neither addressed the existence of a warrant nor attached one to their answer.

## III. CONCLUSION

Based on the above, and on the full record before the Court, IT IS HEREBY ORDERED THAT:

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is GRANTED.

---

[2] *Alcantar Flores v. Olson*, Case No. 6:25-cv-03358-SRB; *Andres v. Noem, et al.*, No. 25-03321-CV-S-MDH; *Eshdavlatov v. Olson, et al.*, No. 25-00844-CV-S-MDH; *Flores-Espinoza v. Arnott, et al.*, No. 25-00791-CV-W-RK; *Guzman Coa v. Noem, et al.*, No. 25-03323-CV-S-BP; *Hernandez-Cuevas v. Olson, et al.*, No. 25-00830-CV-W-BP; *Ifante v. Noem, et al.*, No. 25-03322-CV-S-MDH; *Mairena-Munguia v. Arnott, et al.*, No. 25-03318-CV-S-MDH; *Morales-Rodriguez v. Arnott, et al.*, No. 25-00836-CV-S-MDH; *Pozos-Ramirez v. Noem, et al.*, No. 25-03316-CV-S-MDH.

2. The Court declares that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and enjoins Respondents from denying release or other relief on the basis that she is subject to such mandatory detention.

3. Respondents shall immediately release Petitioner, but no later than 48 hours from the date of this Order.

4. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

5. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

6. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

7. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2026